IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | ) ) ) ) ) ) | FILED: AUG 26, 2008 08CV4866 No.   JUDGE GOTTSCHALL Judge   MAGISTRATE JUDGE VALDEZ RCC Magistrate Judge |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CARDINAL GLASS OF DEKALB, an Illinois Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **CARDINAL GLASS OF DEKALB,** as follows:

## COUNT 1

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, **CARDINAL GLASS OF DEKALB ("CARDINAL")** is authorized to do business in Illinois and is an employer engaged in an industry affecting commerce.

5. Since on or about May 30, 2003, **CARDINAL** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6. By virtue of certain provisions contained in the collective bargaining agreements, **CARDINAL** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **CARDINAL** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Since before May 30, 2003, **CARDINAL** has admitted, acknowledged and

ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9. Plaintiffs are advised and believe that for **May 30, 2003 through the present, CARDINAL** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE,** Plaintiff pray for relief as follows:

A. **CARDINAL** be ordered to submit to an audit for **May 30, 2003 through the present**.

B. Judgment be entered against **CARDINAL** and in favor of Plaintiffs, in the amount shown to be due under the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. **CARDINAL** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE GLAZIERS, ARCHIECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS**


By: ___s/Donald D. Schwartz_____
        One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

of said subcontractor's agreement with the Union or, in the absence of such an agreement, of all terms and conditions of this Agreement. In that event, the Employer shall be liable to the Union for any act or omission of the subcontractor which in any way departs from or is inconsistent with the terms and conditions of said subcontractor's agreement with the Union, or, in the absence of such an agreement, with the terms of this Agreement.

8. In the event subsequent negotiations between the Association and the Union increase the economic package beyond those provided in this Agreement, then all additional wages and benefits shall be paid retroactive to June 1, 2003. If, however, the Agreements between the Association and the Union requires payment of less than that required herein, then neither the Union nor the employees shall be required to reimburse the Employer for any monies paid pursuant to the terms of this Interim Agreement. It is further understood and agreed that, should the negotiations between the Union and the Association result in an corporate settlement, in excess of the increase provided for by this Agreement, then this Agreement shall be automatically amended to provide for any such additional increases.

9. This Agreement shall become effective at 12:01 a.m. June 1, 2003 and shall remain in full force and effect until 12:00 midnight May 31, 2006 or the length of the newly negotiated Association area wide contract whichever is longer and shall continue thereafter unless there has been given not less than sixty (60) nor more than ninety (90) days written notice by registered or certified mail prior to expiration by either party hereto of the desire to modify, amend or terminate this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new area wide negotiated contracts with the Association incorporating them into this Memorandum of Interim Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEREOF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this 30 day of May, 2003.

EMPLOYER

FIRM: **CARDINAL GLASS OF DEKALB**
(Print)

ADDRESS: **1630 EAST STATE STREET DEKALB IL 60115**

**JEFF MEIER  GENERAL MANAGER**
SIGNATURE AND TITLE               (Print)

_Jeff M___   _General Manager_
SIGNATURE                          (Sign)

PROOF OF CORPORATION:   (✗) YES   ( ) NO

If signed before: WHEN and under WHAT TRADE name:

___

PAINTERS DISTRICT COUNCIL NO. 14

_[signature]_

GLAZIERS LOCAL 27

_[signature]_

Your Company Name: _Cardinal Glass Company of DeKalb_

We hereby assign our bargaining rights, and authorize the Association of Glazing Contractors (the "Association") to negotiate, bargain and execute the renewal of the Association's contract with the Glaziers Union Local #27 and District Council #14 (the Union). We agree to be bound by the terms of the contract negotiated and signed by the Association. We will not negotiate separately nor will we execute any agreements, interim or otherwise, with the Union.

Signed: _Angelo C. Bruscato_
Print Name: _Angelo C. Bruscato_
Date: _5/15/03_

**Please sign and fax immediately to 847-593-0884**